IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| CYNTHIA BAGNALL,<br><br>       Plaintiff,<br><br>vs.<br><br>CITY OF SUNRISE, FLORIDA,<br><br>       Defendant. | )<br>)<br>)<br>)<br>)    CASE NO.<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

NOW COMES, CYNTHIA **BAGNALL** ("Mrs. Bagnall"), who, for her Complaint respectfully avers that:

1.

Mrs. Bagnall, plaintiff herein, is a person of the age of majority and domiciled within the County of Palm Beach State of Florida.

2.

Made defendant herein is **City of Sunrise, Florida** ("City"), an incorporated entity formed under the laws of the State of Florida, with the power to sue and be sued, and located in the County of Broward, State of Florida.

3.

This Honorable Court has subject matter jurisdiction over this matter pursuant to the Uniformed Services Employment and Reemployment Rights Act ("USERRA") 38 U.S.C. § 4301 et seq., specifically 38 U.S.C. §§ 4311(b) and

4303(14), 4323(b)(3) and 4323(i).  In addition, This Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331.

4.

Venue is proper in this Honorable Court pursuant to the provisions of USERRA, 38 U.S.C. § 4323(c)(2) and 4323(i).  Alternatively, venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

5.

City of Sunrise employed Mrs. Bagnall's husband, Forrest Gregory Bagnall as a Senior Project Engineer responsible for the City's Solid Waste Management, Fleet Management and Project Management in April 2003 at City's offices in Sunrise, Florida.  Mr. Bagnall had been employed by City since 1988 in various positions, culminating in a Senior Project Engineer position with significant responsibilities in multiple functional areas.

6.

Mrs. Bagnall, plaintiff herein, has been employed as a secretary with City of Sunrise since 1988.  Her title and pay grade is that of Secretary II.

7.

On June 09, 2008 Forrest Gregory Bagnall filed a complaint with the Department of Labor (DOL) citing violations by the City of Sunrise of the USERRA.

8.

During the months of June, July and August of 2008 Mrs. Bagnall actively assisted the DOL complete their statutory obligations to investigate Mr. Bagnall's complaint by meeting with the DOL's investigator and answering his questions.

9.

On July 31, 2008, the date Forrest Gregory Bagnall reported back to work for the City following all approved military leave, and while DOL was still conducting its investigation, Mrs. Bagnall was put on notice by the City's personnel Director that her working hours may be changed.

10.

On June 15, 2009 Mr. Bagnall listed his wife and City employee Cyhthia Bagnall as a witness in his Department of Labor USERRA complaint against the City of Sunrise in response to a question by the DOL.

11.

On August 19, 2009 the City notified Mrs. Bagnall that her work and office location and even her working hours would change—all over Mrs. Bagnall's verbal and written objections.

12.

Mrs. Bagnall was then assigned drastically smaller office space which lacked the capability to perform all but the most basic of administrative duties required of a Secretary II.

13.

Mrs. Bagnall was then ordered to work later work hours and assigned a work location that was completely different for her--together with ambiguous guidance as to her new responsibilities--all in breach of previous written agreements between the City and Mrs. Bagnall.

14.

Mrs. Bagnall then began to be reprimanded for innocuous fabricated "infractions" at work for which there exist no published policy guidance from employer City of Sunrise to include being reprimanded for her use of the ladies restroom during working hours.

15.

Mrs. Bagnall was accused by a supervisor of "Misconduct in Office" for objecting, in writing, to the treatment she began receiving from City after assisting the U.S. Department of Labor with regard to her husband Forrest Gregory Bagnall's USERRA complaint.

16.

Mrs. Bagnall, despite working for the defendant City as a senior secretary without incident for over 21 years, was now subject to heretofore increased scrutiny for every action at work, never before received criticism and humiliation from her employer, and a diminuation of job duties and benefits of employment associated with her work history and previously

recognised performance.

17.

Mrs. Bagnall received discipline from her supevisors for "made-up" infractions at work after her employer City of Sunrise learned she was assisting the Department of Labor in its investigation of her husband's claims of USERRA violations.

18.

The facts alleged in Paragraphs 1 through 17 constitute violations of the provisions of the USERRA, 38 U.S.C. § 4301 et seq., including, but not limited to, 38 U.S.C. §§ 4311 and 4323.

19.

City of Sunrise's actions in this matter were a wilful violation of USERRA such that liquidated damages are legally appropriate under 38 U.S.C. § 4323 (d)(1)(C).

20.

City of Sunrise either knew or showed reckless disregard for the matter of whether its conduct regarding the retaliatory treatment of Mrs. Bagnall for assisting the U.S. Department of Labor investigate a claim of workplace discrimination in accordance with federal law was prohibited by 38 U.S.C. §§ 4311(b) and 4323(d)(1)(C) et seq.

21.

Plaintiff, Cynthia Bagnall, hereby demands a trial by jury in the above-captioned matter as provided by the Seventh Amendment of the United States Constitution.

**WHEREFORE, CYNTHIA BAGNALL** prays that due proceedings be had and that there be judgment herein in favor of CYNTHIA B**AGNALL** and against **CITY OF SUNRISE,** defendant, for such sums as the Court should deem reasonable and proper, including injunctive relief, reinstatement to her former position of employment with like seniority, status and pay together with back pay, liquidated damages, restored benefits of employment, reasonable attorneys' fees, pre-judgment interest, post-judgment interest if appropriate, expert witness fees and other litigation expenses, Or, injunctive relief, back pay, front pay, liquidated damages, a

restoration of the benefits of employment, reasonable attorneys' fees, expert witness fees and other litigation expenses, pre-judgment interest and post judgment interest and legal interest thereon from the date of judicial demand until paid, plus all costs of these proceedings, and for such other legal and equitable relief as the Court shall deem necessary and proper.

Respectfully submitted,

\_\_\_s/ Todd Romano_____
TODD ROMANO (Fl. Bar No. 178100)
E-mail: Todd@RomanoLawGroup.com
ROMANO LAW GROUP
P.O. Box 21349
West Palm Beach, FL 33416
Tel. (561) 533-6700
Fax. (561) 533-1285
Co-Counsel for Plaintiff

**Admission *pro hac vice* will be sought for**:
GEORGE C. AUCOIN
Louisiana Bar No. 24747
Law Offices of George C. Aucoin, APLC
3500 N. Hullen Street
Metairie, LA 70002
Telephone: (985) 727-2263
Facsimile: (985) 951-7490
E-mail: aucoingc@att.net
*COUNSEL FOR PLAINTIFF*